Porter, J.
To the petition in this case, the defendants have filed a special plea, denying the right of the plaintiffs to sue.
The plaintiffs allege, that they are the syn-dics of George Weimprender, and the proceedings had in the suit of St. Avid and others against said Weimprender, for a forced surrender, have been produced in evidence, to shew that they are such.
The first question to be ascertained from the evidence thus offered is, whether the person against whom those proceedings were had, has been legally declared a bankrupt; if he has not, the plaintiffs cannot be his syndics.
*18 The petition is in the usual form, and prays that a forced surrender of the property of . Weimprender’s father may be decreed, for o 4 the benefit of his creditors. But it contains iii-i no demand that the insolvent may be made defendant, and cited. Nor does it appear that any citation was served on him.
We are of opinion that a forced surrender cannot be ordered, unless the party alleged to be a bankrupt, is made defendant, and cited as in ordinary civil actions. If this process is necessary in any case, and the law requires it in all others, we think it is of the first importance that it should not be dispensed with where a remedy of this kind is asked, which deprives a citizen of the possession of the wrhole of his property.
Such would be the determination of this court on general principles. But the law on this subject has furnished us with higher authority than any deductions of ours. According to a provision of the Partida 3, tit. 7, ley. 1, in princ. citation is the root and foundation of every suit. The Spanish author» say, if is required by natural as well as positive law, and is the basis on which every judgment must rest. Curia Phillippica, p. 1. sec. 12. *19 Citation, n. 1, 2. 2 Febrero, p. 2, lib 3, cap. 1, sec. 3, n. 129, and that no authority, whether ■ ■ . • 1 • of the king or the Jaw, can dispense with it, or render valid those proceedings which . want it.
It was urged in argument, that this was a proceeding in rem. But no authority was produced in support of this position. To us it appears, that a petition against an insolvent, for a forced surrender, is a personal action to obtain his property. An action given to creditors, in consequence of certain facts being established in relation to the conduct of the person who owes them, or his capacity to meet his engagements. If the debtor then is deeply interested in the measures thus taken against him (as it must be admitted he is) if his reputation and his property may be both sacrificed by an improper exercise of the right vested in the creditor, surely every means of defence should be afforded for his protection, which are assured to him in any other case by the law and the constitution.
It was next urged, that this defect is cured, because it appears that the insolvent had notice of the proceedings. But this, in our opinion, is not sufficient. In an ordinary case *20 ^ would not cure want of citation, to shew' 7 that the defendant knew there was a suit • • • pending against him. We had occasion to give this subject a very ample consideration the case of Dyson vs. Brandt & al. 9 Martin, 497, and we there held, that appearing in court, pleading, and contesting the cause on other grounds than the want of citation, cured a similar defect to that which exists here. In the present case, the insolvent has not done any one of these acts.
Nor did the defendants acknowlege the authority of the present syndics, in the suit of St. Avid & others vs. Weimprender. In that case the provisional syndic seized a crop of sugar. A claim was filed on the part of M. G. and B. Weimprender, asserting the property to be theirs, and that Montegut had seized it, as belonging to their father. This was nothing more than a necessary averment, according to the truth of the case, and cannot be taken as an acknowlegement that any of the proceedings were legal.
The judgment of the district court should be annulled, avoided and reversed, and judgment, as in case of a non-suit, be given for the defendants, with costs in both courts.
Hennen and Denis for the plaintiffs, Duncan and Existís for the defendants.